William P. Fennell (SBN 164210)
Of Counsel: Melissa A. Blackburn Joniaux (SBN 105470)
Of Counsel: Charles F. Bethel (SBN 126036)
LAW OFFICE OF WILLIAM P. FENNELL, APLC
401 West A Street, Suite 1800
San Diego, CA  92101
Tel: (619) 325-1560
Fax: (619) 325-1558

Proposed Attorneys for Integratedmarketing.com,
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>INTEGRATEDMARKETING.COM,<br>dba RONI HICKS & ASSOCIATES<br><br>Debtor. | Case No.  19-04688-CL11<br><br>Chapter 11<br><br>Date:  To be set by court<br>Time:  To be set by court<br>Dept.  5<br>Honorable Christopher B. Latham<br><br>***EMERGENCY* MOTION FOR INTERIM AUTHORITY TO USE CASH COLLATERAL** |

INTEGRATEDMARKETING.COM dba Roni Hicks & Associates ("Roni Hicks" or "Debtor") hereby submits this *Emergency* Motion for Interim Authority to Use Cash Collateral ("Emergency Motion") pursuant to Local Bankruptcy Rule 9013-9.

This Emergency Motion is based upon the Memorandum of Points and Authorities, the Declarations of Aaron Smith and William P. Fennell filed herewith and the pleadings and papers on file with the Court and arguments of counsel at any hearing held on this matter.

The Emergency Motion is based on the following facts:

- 1 -

Debtor holds bank accounts as of the petition date with a total balance of approximately $63,622.68[1]. In addition, Roni Hicks' estimates are that its current accounts receivables and other assets are worth no more than approximately $613,000.

Debtor made a Loan and Security Agreement ("Loan and Security Agreement") on June 30, 2017 with First American Bank, an Illinois banking corporation based in Chicago ("the Bank"). Under the Loan and Security Agreement, the Bank made a loan of $7,850,000 to Debtor in exchange for a security interest in substantially all of Debtor's assets. A true and correct copy of the Loan and Security Agreement is attached to the Smith Declaration as Exhibit B. Debtor is informed and believes Bank filed a UCC financing statement on March 13, 2014 (arising from a 2014 Loan and Security Agreement) and a continuation statement on September 26, 2018 with the California Secretary of State (collectively "the UCC documents"). Copies of both documents are attached to the accompanying Request for Judicial Notice as Exhibits 1 and 2.

Debtor is informed and believes based on the Loan and Security Agreement and the UCC documents, the Bank claims to have a perfected security interest in all of Debtor's assets, including specifically its pre-petition bank accounts and pre-petition accounts receivable ("the pre-petition receivables").

Without conceding the validity of either the extent or perfection of the Bank's security interest, Roni Hicks recognizes that under § 363(c),[2] it must either obtain the Bank's permission to collect the pre-petition receivables and use the resulting funds or the court's permission, because the monies collected from the pre-petition receivables are or may be cash collateral under § 363(a).

---

[1] Debtor contends this amount is not cash collateral of the Bank, all of the funds held in bank accounts at the time of filing were less than the amount Debtor held on account as payments advanced by customers for future media purchases.

[2] All section references are the Bankruptcy Code, 11 U.S.C., unless noted otherwise.

Debtor will be unable to operate its business without use of the monies in its bank accounts and the collection of its pre-petition receivables, and absent use of those monies, the Debtor would not be able to continue operations.

The Bank is or may be entitled to adequate protection of its interest in the pre-petition receivables under §§ 361, 363 and Debtor has offered the Bank a dollar for dollar replacement lien on the accounts receivable its business will generate post-petition as and for adequate protection.

At this point the Bank has not agreed to Debtor's offer to the use of cash collateral.

**LBR Cash Collateral Guidelines:**

Debtor submits this motion is in compliance with the guidelines set forth by Appendices D1 and D2 of the Local Bankruptcy Rules regarding cash collateral. The motion and the proposed order **do not contain or request any of the following**:

- Cross-collateralization clauses (Debtor IS requesting permission to grant a replacement lien in post-petition accounts receivable as a form of adequate protection for the Bank's claimed interest in pre-petition accounts receivable);
- Provisions or findings of fact that bind the estate or all parties in interest with respect to the validity, perfection or amount of the secured party's lien or debt;
- Provisions that seek to waive rights under 11 U.S.C. § 506(c);
- Provisions that grant immediately to the prepetition secured creditor liens on the debtor's claims and causes of action arising under 11 U.S.C. §§ 544, 545, 547, 548, and 549;
- Provisions that "roll over" prepetition debt of the prepetition secured creditor to post-petition debt;
- Provisions which provide carveouts for administrative expenses that do not

1      treat all professionals equally or on a pro rata basis;

2 • Provisions that operate, as a practical matter, to divest the debtor-in-possession of any discretion in the formulation of a plan or administration of the estate or limit access to the court to seek any relief under other applicable provisions of law.

Wherefore, Debtor hereby moves the court to make and enter an order, in substantially the form attached hereto as Exhibit "A" with terms as follows:

1. Authorizing Debtor to use the Bank's cash collateral on an interim basis on these terms:

   a. Requiring Debtor to operate within 10% of its proposed budget submitted as part of its moving papers;

   b. Granting the Bank a dollar for dollar replacement lien with the same force, effect, validity and priority of its pre-petition security interest, against Debtor's post-petition accounts receivables to the extent it collects and spends any pre-petition receivables;

2. For an order setting a date for a final cash collateral authorization hearing;

3. And for such other and further relief as the court deems just and proper.

Submitted by:

LAW OFFICE OF WILLIAM P. FENNELL, APLC

Dated: August 8, 2019      By: /s/William P. Fennell
William P. Fennell, Esq.
Proposed Bankruptcy General Counsel for
Chapter 11 Debtor and Debtor-in Possession

- 4 -

**LIST OF EXHIBITS**

**Page(s)**

1.   Exhibit A   Proposed Order on Emergency Motion for Entry of Interim Order Authorizing Use of Cash Collateral . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 - 8

# EXHIBIT A

**CSD 1001A** [07/01/18]
Name, Address, Telephone No. & I.D. No.

William P. Fennell (SBN 164210)
Of Counsel: Melissa A. Blackburn Joniaux (SBN 105470)
Of Counsel: Charles F. Bethel (SBN 126036)
LAW OFFICE OF WILLIAM P. FENNELL, APLC
600 W. Broadway, Suite 930
San Diego, CA 92101    Tel: (619) 325-1560
Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

INTEGRATEDMARKETING.COM
dba RONI HICKS & ASSOCIATES

Debtor.

BANKRUPTCY NO. 19-04688-CL11

Date of Hearing:
Time of Hearing:
Name of Judge: Christopher B. Latham

**ORDER ON**
***EMERGENCY* MOTION FOR ENTRY OF INTERIM ORDER**
**AUTHORIZING USE OF CASH COLLATERAL**

The court orders as set forth on the continuation pages attached and numbered  2  through   0    with exhibits, if any, for a total of  2  pages. Motion/Application Docket Entry No. _____.

//
//
//
//
//
//
//
//


DATED: _____                _____
                                                                                Judge, United States Bankruptcy Court

ORDER ON *EMERGENCY* MOTION FOR ENTRY OF INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
DEBTOR:      INTEGRATEDMARKETING.COM                                                    CASE NO: 19-04688-CL11

Having reviewed the *Emergency* Motion by the Debtor, IntegratedMarketing.com (the "Debtor") for an Interim Order Authorizing the Use of Cash Collateral (the "Emergency Motion") service appearing proper and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.  The Debtor's *Emergency* Motion is granted, and this Order shall remain in full force and effect on an interim basis through _____, 2019 at _____ _.m., at which time the Court will consider further extension.

2.  The Debtor is authorized to use cash collateral (as that term is defined in Section 363(a) of the United States Code, 11 U.S.C. § 363(a)) (hereafter referred to as the "Cash Collateral"), provided that Debtor does not exceed projection by more than ten percent (10%) as stated in the projections of August 7, 2019, and is authorized to pay U.S. Trustee quarterly fees and other expenses arising out of the operation of the Debtor's business in the ordinary course.

3.  This order includes an interim replacement lien in favor of Secured Creditor, with the same force, effect, validity and priority and amount as Bank's pre-petition security interest, against Debtor's post-petition accounts receivables. The Court will address whether a permanent replacement lien is appropriate, and in what amount, at a later date of the Court's choosing.

4.  A final hearing on the Debtor's Motion is set for _____, 2019 at _____, _.m. in Department 5, Room 318 of the above-captioned court. Any opposition to the Debtor's Motion shall be filed with the Court and served on the Debtor's counsel in a manner so as to be received no later than _____, 2019. Debtor's counsel shall provide notice of the entry of this Order in conformity with Appendix D1 of the Local Rules of the United State Bankruptcy Court of the Southern District of California.