TUCKER ELLIS LLP
Chelsea Mikula (SBN 289330)
chelsea.mikula@tuckerellis.com
950 Main Avenue
Suite 1100
Cleveland, OH 44113
Telephone:	216.592.5000
Facsimile:	216.592.5009

TUCKER ELLIS LLP
Brian J. Jackiw (*admitted pro hac vice*, Illinois Bar ID 6296807)
brian.jackiw@tuckerellis.com
233 South Wacker Drive, Suite 6950
Chicago, IL 60606
Telephone:	312.624.6300
Facsimile:	312.624.6309

*Attorneys for Miguel Paredes and Prudent Fiduciary Services, LLC*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>INTEGRATEDMARKETING.COM<br>dba Roni Hicks & Associates,<br><br>Debtor, | Bankruptcy No. 19-04688-CL7<br><br>Chapter 7<br><br>**NOTICE OF OPPOSITION TO EX PARTE APPLICATION FOR ORDER AUTHORIZING RULE 2004 PRODUCTION OF DOCUMENTS BY TRUSTEE RONALD E. STADTMUELLER**<br><br>Judge: Christopher B. Latham |

Miguel Paredes, resigning Trustee of the Roni Hicks & Associates Employee Stock Ownership Trust (the "Trust"), and Prudent Fiduciary Services LLC ("Prudent"), through undersigned counsel, submit this Notice of Opposition to the *Ex Parte* Application for Rule 2004 Production of Documents by court-appointed Chapter 7

1
NOTICE OF APPEARANCE

Trustee, Ronald E. Stadtmueller (the "Trustee"). Mr. Paredes and Prudent unreservedly reject the assertion that they have refused to turn over *any* non-privileged documents requested by the Trustee. To the contrary, Mr. Paredes and Prudent have cooperated fully with the Trustee, and will continue to do so. As such, the Trustee's *Ex Parte* Application is an unnecessary waste of judicial resources, and is calculated to cause undue burden and extra expense for Mr. Paredes and Prudent. Accordingly, and for the reasons set forth below, the Court should deny the Trustee's *Ex Parte* Application

*First*, as Mr. Stadtmueller knows, Mr. Paredes and Prudent have already produced a significant number of documents in their possession, custody and control related to the ESOP, pursuant to the subpoena authorized by the Court's February 28, 2020 Order [Doc. 177], including many of the documents now sought by the Trustee, undercutting the contrived sense of urgency permeating the Trustee's *Ex Parte* Application. The additional documents the Trustee now requests relate to the resignation of Mr. Paredes, effective on December 11, 2020. However, as set forth at Article 4-3 of the Trust Agreement, Mr. Paredes has 60 days from the effective date of his resignation—until February 9, 2021—to provide these documents, his **sole** remaining obligation to the Trust. *See* Rudolph Declaration [Doc. 266-1] ¶ 4[1], and Exhibit 3 thereto at p. 78. Further, pursuant to the Trust Agreement, the successor trustee, here the Trustee, has 60 days to file any objections. *See id.* So to the extent the Trustee has any concerns regarding Mr.

---

[1] The Trustee misidentifies Article 4-3 of the Plan (Exhibit 2 to Rudolph Declaration) as setting forth the resigning Trustee's accounting obligations. In fact, the accounting obligations appear at Article 4-3 of the Trust Agreement (Exhibit 3 to Rudolph Declaration).

Paredes's forthcoming accounting, the process to resolve any dispute is already spelled out for the parties in the respective agreements. To needlessly involve the Court serves no other purpose than to cause Mr. Paredes and Prudent unnecessary burden and expense merely because they are not working on the same timetable as the Trustee.

*Second*, the Trustee's assertion that Mr. Paredes and Prudent have refused to produce the documents now requested is dead wrong, and is belied by the emails the Trustee himself attaches in support of his *Ex Parte* Application. To wit, the December 15, 2020 email from counsel for Mr. Paredes indicates that Mr. Paredes will "***turn[] over the documents requested within a reasonable timeframe***." Rudolph Declaration ¶ 3, and Exhibit 1 thereto at p. 8 (emphasis added). In light of Mr. Paredes's acquiescence to turn over the non-privileged documents requested by the Trustee, the Trustee's *Ex Parte* Application is unnecessary and harassing, and at the very least premature.

For the foregoing reasons, Mr. Paredes and Prudent respectfully request that the Court deny the Trustee's gratuitous and harassing *Ex Parte* Application for Rule 2004 Production of Documents, and any further remedies this Court deems just and necessary.

DATED:  December 30, 2020               Tucker Ellis LLP


By: */s/ Chelsea Mikula*
      Chelsea Mikula
      chelsea.mikula@tuckerellis.com
      *Attorney for Defendants Miguel Paredes and Prudent Fiduciary Services LLC*

# CERTIFICATE OF SERVICE

I hereby certify that, on December 30, 2020, a copy of the foregoing *Notice of Opposition to Ex Parte Application for Order Authorizing Rule 2004 Production Of Documents by Trustee Ronald E. Stadtmueller* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: December 30, 2020            Tucker Ellis LLP

By: */s/ Chelsea Mikula*
    Chelsea Mikula
    chelsea.mikula@tuckerellis.com
    *Attorney for Defendants Miguel Paredes and Prudent Fiduciary Services LLC*