Stephen C. Jones
3C Advisors LLC
1125 South Cleveland Street
Unit 114
Oceanside, CA 92054
619 606-3221

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>INTEGRATEDMARKETING.COM,<br>dba RONI HICKS & ASSOCIATES,<br><br>Debtor. | CASE NO. 19-04688-CL7<br><br>CHAPTER 7<br><br>**FIRST INTERIM APPLICATION FOR ORDER AUTHORIZING PAYMENT OF EXPERT WITNESS & PROFESSIONAL FEES AND COSTS INCURRED BY 3C ADVISORS LLC; DECLARATION OF STEPHEN C. JONES IN SUPPORT**<br><br>DATE:   October 25, 2021<br>TIME:   10:00 a.m.<br>DEPT:   D-5<br><br>HON. Christopher B. Latham |

I, Stephen C. Jones, Expert Witness and 3C Advisors LLC ("<u>Applicant</u>") respectfully submits this Second Interim Application for an Order Authorizing Payment of Professional Fees and Reimbursement of Costs incurred by Applicant as Financial Expert Witness for Ronald E. Stadtmueller, Chapter 7 Trustee, ("Trustee") during the period November 13, 2020, through and including September 23, 2021.

1

Pursuant to section 330 of the United States Bankruptcy Code and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure, Applicant respectfully requests that it be allowed, as an administrative expense for services rendered to the Trustee in connection with the above-entitled bankruptcy case, the sum of $31,580.20 in professional fees & costs incurred.

I.

**STATEMENT OF THE CASE**

A description of the case is set forth in detail in the applications of the Trustee's counsel. 3C Advisors was employed to render, among other things, expert financial and valuation services and related research and analytics to the Trustee regarding operations, research, valuations and fairness opinions on various transactions of Integrated Marketing.Com, dba, Roni Hicks & Associates ("Debtor").

More specifically, 3C Advisors provided detailed research on Trustee duties, responsibilities as a fiduciary. Researched requirements under ERISA for resignation of a Trustee. Additionally, advised on customary analytics and analysis for Trustee's review and diligence on valuations and or fairness opinions.

Reviewed, discussed and advised counsel on financial projections and other components of debtor's valuation and fairness opinion.

Reviewed ESOP documentation.

Conducted search for replacement Trustee thru industry organizations such as NECO.

Review of over 4,500 documents in preparing deposition questions and assembling documentation supporting questions for counsel regarding the bank as well as the financial advisors to Debtor. Back-built estimates of specific issues in both pre-transaction valuations and post transaction fairness opinions to advise counsel.

Reviewed and commented or discussed cases provided by counsel focused on valuation and fairness opinion issues.

Reviewed, discussed and advised counsel on valuation components.

Reviewed, discussed and advised on debt coverage analytics, customary due diligence procedures in ESOP transactions in the context of valuations and fairness opinions.

Review and comment on settlement talking points.

Reviewed and commented/discussed draft complaints for various entities who served debtor during the transactions.

3C Advisors timely made its application to the Court to authorize its employment and such application was approved by the Court on December 10, 2020.

## II.

## SUMMARY DESCRIPTION OF SERVICES PROVIDED BY APPLICANT

Pursuant to Local Bankruptcy Rule 2016-2(b), Applicant's fee application fee summary is attached hereto as Exhibit "B." Summaries by category of Applicant's services rendered during the time period covered by this Application are set forth below.

**Valuation Services**

3C Advisors LLC provided research, consultations, analytics and related advice primarily on issues of ESOP Trustee, ESOP valuations and fairness opinions as in multiple transactions of Debtor, and ESOP Trustee duties in procedural and financial matters.

## III.

## DETERMINATION OF APPROPRIATE AWARD OF FEES

Applicant's custom and practice is to keep detailed time records for all services performed by the firm's professional and other staff. As explained in the attached declaration of Stephen C. Jones, Applicant keeps detailed daily time records reflecting the services rendered in this case. These daily time records are reduced on a monthly basis to statements of account which set forth the date when the various services were rendered and the associated time and charges.

Pursuant to Local Bankruptcy Rule 2016-2(b), Applicant's fee application summary is attached as Exhibit "A" hereto. Applicant's statements of account for this case are attached as Exhibit "A" hereto.

The normal hourly rates for professionals for the period covered by this application were as follows:

| Attorney | Hourly Rate |
|---|---|
| Stephen Jones | $425.00 |

3

1      Tim Croushore      $425.00

2      The fees applied for in this application are based on the time spent and the nature, extent, and value of services performed. When various tasks provided by either Stephen C. Jones or Tim Croushore were of a nature that less technical expertise were required, or less expensive staff were appropriate, rates lower than $425 are applied to the hours for those lower value tasks. In addition, the fees prayed for in this application, being based on the normal and customary hourly charges of financial and valuation professionals are comparable to the charges that would be incurred for services in connection with a case other than a case under Title 11. See 11 U.S.C. § 330(a)(3). The instant fee application conforms to Federal Rule of Bankruptcy Procedure 2016 and the Guidelines of the United States Trustee for Region XV. The services that were performed were essential to and benefited the estate, creditors, and other parties-in-interest.

### IV.

### CONCLUSION

Applicant respectfully requests a determination that the amounts requested in this Application are allowable and award the total amount of compensation requested in the sum of $24,926.25 in Valuation Professionals' fees incurred for the period November 13, 2020 through and September 23, 2021, for a total of **$31,580.20.**

Stephen C. Jones

Dated: 9/23/2021

By:_____
3C Advisors LLC

4

# EXHIBIT A

## DECLARATION OF STEPHEN C. JONES

I, Stephen C. Jones, declare:

1. I am over the age of eighteen and am the managing member of 3C Advisors LLC ("Applicant"), Financial Expert Witness to Ronald E. Stadtmueller, Chapter 7 Trustee ("Trustee"). I have personal knowledge of the facts set forth in this Declaration, except facts stated on information and belief, which I believe to be true. If called as a witness, I could and would testify competently with respect to the fact set forth herein.

2. All fee application summaries required by Local Bankruptcy Rule 2016-2(b) are attached hereto as Exhibit "B".

3. In an effort to ensure accuracy of the statements of account, Applicant follows several practices. Each valuation professional or other timekeeper who performs services on a given case maintains a daily time record of that person's activities for the day. Records are kept on the basis of every tenth of an hour, that is, for every six minutes. The daily time records are reduced to periodic statements of account that set forth the dates the various services were rendered, the time spent performing such services, and the person performing such services. I review the periodic statements of account to ensure that all services listed on that statement were in fact performed for that particular client and to correct any errors that are noted.

4. As the professional responsible for this matter, I reviewed the itemized statements of account generated each month in this matter. True and correct copies of Applicant's itemized statement of account for this case are attached as Exhibit "B" hereto.

5. No agreement exists between Applicant and any other person or entity for division of the compensation requested.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on the date set forth below at San Diego, California.

Dated: 9/23/2021

_____
Stephen C. Jones

5

Integrated Marketing Stadtmueller
Second Interim Fee Application
November 13, 2019 - September 25, 2021

# EXHIBIT B

| Professional | Date | Description | Time | Rate | Total |
|---|---|---|---|---|---|
| SCJ | 13-Nov | Address G. Rudolph questions of Nov 13 email: Administrator, regnation, | 1 | 425 | $ 425.00 |
| SCJ | 16-Nov | securing new administrator. Read Plan documents and email. | 0.6 | 425 | $ 255.00 |
| SCJ | 17-Nov | Research opotential replacemwent Trustees at Gary's request | 2.1 | 425 | $ 892.50 |
|  | 17-Nov-20 | Review ESOP Plan Doc; ESOP Trust; Prudent Fiduciary Services |  | 425 |  |
|  | 17-Nov-20 | Telcon T. Croushore re ESOP Plan and Trust Agreement | 0.3 | 425 | $ 127.50 |
| SCJ | 17-Nov | Addressing G. Rudolph's questions: Who would appoint a successor ESOP trustee (our client the chapter 7 trustee)?; (2) does it make sense to terminate the ESOP; how is that done and if terminated who makes distributions to the ESOP members (and wouldn't we need the resigning trustee to provide a list of names and addresses of members? | 2.5 | 425 | $ 1,062.50 |
| SCJ |  | Telecon Gary, Ron & Kathlean to discuss:  The Employee Stock Ownership "Plan" - Discussing sections 1-2 (page 2), 12-1 (page 41) and Section 14 (Article XIV Amendment and Termination). The May 1, 2019 Prudent Fiduciary Services, May 1, 2019 Engagement Letter. The Employee Stock |  |  |  |
| SCJ | 19-Nov | Ownership "Trust" - Discussing Section 4 *Article IV Change in Trustee). | 0.8 | 425 | $ 340.00 |
| SCJ | 23-Nov | Review Rudolph Memo regarding call with attorney Jackew and SCJ response to nov. 25 email to attys re fiduciary duties ERISA | 1.1 | 425 | $ 467.50 |
| SCJ | 30-Nov | Memo to Attorneys - 1) ERISA Defintion of Fiduciary; 2) Key Duties of Fiduciary; 3) ESOP Trustee; 4) Trustee Resignation; 5) Personal liability of fiduciary and Trustee.  Exhibits A and B. | 2.6 | 425 | $ 1,105.00 |
| SCJ | 3-Dec | Memo on Mini-Cast case and repurchase obligations | 1.2 | 425 | $ 510.00 |
| SCJ | 9-Dec | Telecon Gary re Jackiw responses | 0.6 | 425 | $ 255.00 |
| SCJ | 9-Dec | Review Gary's memo top Jackiw. | 0.3 | 425 | $ 127.50 |
| SCJ | 10-Dec | Answers to Gary's questions in memo. | 0.8 | 425 | $ 340.00 |
| SCJ | 10-Dec | Phone call J. Hill, G. Rudolph, Trusttee, T Croushore | 1.1 | 425 | $ 467.50 |
| SCJ | 10-Dec | Research on Fairness vs. MV | 1.5 | 325 | $ 487.50 |
| SCJ | 10-Dec | Call J. Hill Left message regarding FO | 0.1 | 425 | $ 42.50 |
| SCJ | 12-Dec | Telcon G. Rudolph re Lender Bank Doc Request | 0.1 | 325 | $ 32.50 |
| SCJ | 12-Dec | Develop Doc Request and review with T. Croushore | 1 | 325 | $ 325.00 |
| SCJ | 16-Dec | Discussion with G. Rudoph regarding document request finalization | 0.5 | 425 | $ 212.50 |
| SCJ | 19-Dec | Finalize document request and send to G. Rudolph | 0.3 | 425 | $ 127.50 |
| SCJ | 1/5/21 | Employment Agreement Draft | 1.9 | 425 | $ 807.50 |
| SCJ | 1/8/21 | Discussion Re Word Search vs Index on documents | 0.2 | 425 | $ 85.00 |
| SCJ | 1/9/21 | Develop Word Search document; discussion with Tim Croushore | 1.5 | 425 | $ 637.50 |
| SCJ | 16-Apr | Memo re Fairness opinions, ESOP Due Diligence and Praie public info on the same. | 2.4 | 325 | $ 780.00 |
| SCJ | 17-Apr | Memo re Fairness opinions, ESOP Due Diligence and Praie public info on the same. | 3.1 | 325 | $ 1,007.50 |
|  | 28-Apr | Review and discussus with Gary Perez v. First Bankers | 1.2 | 425 | $ 510.00 |
|  | 28-Apr | Call with Tim Croushore to discuss Perez V. First Bank | 0.5 | 425 | $ 212.50 |
|  | 29-Apr |  | 0.4 | 425 | $ 170.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| SCJ | 3-Jun | Review Gary's questions for June 4 conference call | 0.2 | 425 | $ | 85.00 |
| SCJ | 5-Jun | Review email from Kathleen re documents to review | 0.2 | 425 | $ | 85.00 |
| SCJ | 6-Jun | Discusas Tim Croushore's questions regarding depo | 0.8 | 425 | $ | 340.00 |
| SCJ | 8-Jun | Received links to First Bank Documents (4,000 pages) and Prarie (400 pages) to review and prepare deposition questions for First Bank and Prarie. | 0.1 | 325 | $ | 32.50 |
| SCJ | 10-Jun | Read prarie documents | 6 | 395 | $ | 2,370.00 |
| SCJ | 11-Jun | Draft Deposition questions Prarie | 3 | 425 | $ | 1,275.00 |
| SCJ | 12-Jun | Create binder - Prarie Document binder | 2.1 | 250 | $ | 525.00 |
| SCJ | 14-Jun | Read FB 4000 docs | 5 | 425 | $ | 2,125.00 |
| SCJ | 15-Jun | Read FB 4000 docs | 5.6 | 425 | $ | 2,380.00 |
| SCJ | 16-Jun | Read FB 4000 docs | 3.5 | 425 | $ | 1,487.50 |
| SCJ | 17-Jun | Draft FB Deopsition Questions | 4.6 | 32 | $ | 147.20 |
| SCJ | 17-Jun | Create FB Depo binder | 2.2 | 395 | $ | 869.00 |
| SCJ | 10-Jun | Respond to Gary's question on signatures on proposals vs. engagement letters | 0.2 | 425 | $ | 85.00 |
| SCJ | 23-Jun | Review settlement negotiation e,mail from FB. | 0.2 | 425 | $ | 85.00 |
| SCJ | 28-Jun | Meeting with Kathleen to review deposition binders | 1.8 | 425 | $ | 765.00 |
| SCJ | 26-Jul | At Gary's request, read and comment on Sept. 30, 2017 Letter from William Fennell; Prarie Capital Engagement Letter; Prudent Fiduciary Services September 30, 2019 letter; Prarie's June 30,2017 Fairness Opinion Letter; and Bankruptcy Trustee's draft complaint against Prarie Capital Advisors, Inc. | 4.2 | 395 | $ | 1,659.00 |
| SCJ | 28-Jul | At Kathleen's request, review two different Prarie fairness opinions as to which may have issed and why the difference. | 1.2 | 425 | $ | 510.00 |
| SCJ | 28-Jul | Read Gaynor Mccue-Dianne v. Morgan Lewis at Kathleen's request. | 0.5 | 425 | $ | 212.50 |
| SCJ | 23-Sep | Prepare time for Gary Rudolph | 1.5 | 425 | $ | 637.50 |
| SCJ | Total | | 58.7 | | | $27,062.70 |
| TC | 17-Nov | Review and discussion of case with S. Jones Read Prarie Valuation ESOP Report | 0.7 | 325 | $ | 227.50 |
| TC | 17-Nov | Review Forecasts | 1.5 | 325 | $ | 487.50 |
| TC | 8-Jan | Review Prarie ESOP Report | 2 | 325 | $ | 650.00 |
| TC | 15-Apr | Conduct industry research regarding Company growth | 1.5 | 325 | $ | 487.50 |
| TC | 15-Apr | Research ESOP Valuation procedures related to annual change in value | 0.8 | 325 | $ | 260.00 |
| TC | 17-Apr | Research valuation techniques for accounting for customer concentrations | 0.6 | 325 | $ | 195.00 |
| TC | 17-Apr | Review provided information for demographic data to assess repurchase liability | 1 | 325 | $ | 325.00 |
| TC | 10-May | Review PV DCF model - Net Working Capital needs | 0.5 | 325 | $ | 162.50 |
| TC | 10-May | Develop Company Specific Risk Premium to compare with CSRP utilized by Prarie Valuation | 1.2 | 325 | $ | 390.00 |
| TC | 10-May | Research Cost of Debt Capital for industry peers | 0.4 | 325 | $ | 130.00 |
| TC | 12-May | Develop Market Approach - Multiple Adjustments for comparison to PV adjustments | 1.5 | 325 | $ | 487.50 |
| TC | 6-Jun | Develop questions related to PV valuation report to assist counsel Phone conversations with S. Jones - Various | 2.2 | 325 | $ | 715.00 |
| TC | Total | | 13.90 | | | $ 4,517.50 |
| App Total | Total | | 72.60 | | | $31,580.20 |